NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ODILIA VICENTE VASQUEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 24-5050 <br><br> Agency Nos. <br> A241-263-290 <br> A241-263-291 <br> A241-263-292 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026**
Seattle, Washington

Before: TUNG and HAWKINS, Circuit Judges, and MATSUMOTO, Senior District Judge. ***

Petitioner Odilia Vicente Vasquez ("Petitioner" or "Vicente Vasquez") and

two of her minor children (collectively, "Petitioners"), citizens and natives of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kiyo A. Matsumoto, United States Senior District Judge for the Eastern District of New York, sitting by designation.

Guatemala, petition for review of a decision by the Board of Immigration Appeals ("BIA") denying Petitioner's motion to remand for a full hearing before the Immigration Judge ("IJ") with a new interpreter. Petitioners, proceeding *pro se*, sought relief based on the domestic violence Petitioner suffered from her former partner, Rolando, due to Petitioner's membership in an unspecified particular social group that the IJ construed as "Guatemalan women." The IJ found that Petitioner was persecuted by Rolando but failed to show a causal nexus between her past persecution or her fear of future persecution and her membership in a particular social group. The IJ therefore denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA denied Petitioner's motion to remand and dismissed Petitioner's appeal.

We have jurisdiction under 8 U.S.C. § 1252. Reviewing Petitioner's due process claims *de novo*, *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (quoting *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021)), and the denial of Petitioner's motion to remand for abuse of discretion, *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023), we deny the petition for review.

The BIA did not abuse its discretion by denying Petitioner's motion to remand, and Petitioner's due process rights were not violated by the interpretation provided at the merits hearing because Petitioner cannot show prejudice. Nor did Petitioner show that "Guatemalan women" was a legally cognizable particular social

2

group. Even if the particular social group category of "Guatemalan women" was legally cognizable, there was no causal nexus between Petitioner's membership in that group and the past persecution she experienced or the future persecution she feared. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Nor did Petitioner show that her difficulty understanding the Mam interpreter caused the IJ to miss or misapprehend facts that would have established a causal nexus. *See Barajas-Romero v. Lynch,* 846 F.3d 351, 358 (9th Cir. 2017) (To show a causal nexus the protected ground must be a "central reason" for her alleged harms for asylum claims, and "a reason" for her alleged harms for her withholding claims.).

Petitioner presented a table listing eighteen occurrences where Petitioner either expressed incomprehension of the Mam interpretation or had her response misinterpreted. The initial incidents occurred when Petitioner tried to understand the second Mam interpreter. However, when Petitioner expressed incomprehension during the substantive hearing, the IJ repeated the question and received a more direct answer from Petitioner regarding whether Petitioner was persecuted but not whether Petitioner was persecuted because of her gender. Indeed, when the IJ asked Petitioner if her former partner became violent towards anyone else when he was drunk, Petitioner answered that her former partner would fight with other people that he was drinking with. Petitioner's answer foreclosed her ability to establish a nexus between her persecution and her membership in the particular social group of

3

Guatemalan women. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (citing *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017)). Because Petitioner did not show that the interpretation caused the IJ to miss or misapprehend facts that would have changed the outcome of the case, the BIA did not abuse its discretion or violate Petitioner's due process rights by denying Petitioner's motion to remand. *See Siong v. INS*, 376 F.3d 1030, 1041 (9th Cir. 2004) ("In order to make out a due process violation as a result of an incompetent translation, [petitioner] must demonstrate that a better translation likely would have made a difference in the outcome.") (internal quotation marks omitted).

Petitioner also failed to demonstrate prejudice or show that the interpretation caused the IJ to miss facts establishing that Rolando's violence toward Petitioner arose to the level of torture or that the Guatemalan government would torture Petitioner or acquiesce to Rolando's violence. 8 C.F.R. § 1208.18(a)(1); *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019); *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) ("We have previously held that even instances of significant physical abuse did not constitute torture.") (collecting cases). Therefore, the BIA did not abuse its discretion or violate Petitioner's due process rights by denying Petitioner's motion to remand and dismissing Petitioner's appeal.

**PETITION DENIED**.